## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**ROGER M. BOYD,**

                    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　**Case No:   6:15-cv-1067-Orl-GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

                    **Defendant.**

_____

## MEMORANDUM OF DECISION

Roger M. Boyd (the "Claimant") appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying his applications for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI").  Doc. No. 1.  Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to: (1) state with particularity the weight given to the opinions of any medical provider, other than the non-examining physicians, and the reasons therefor; (2) pose a hypothetical question to the vocational expert (the "VE") that includes all of Claimant's functional limitations; and (3) articulate explicit and adequate reasons for finding Claimant's subjective statements not entirely credible.  Doc. No. 23 at 11-29.  For the reasons that follow, the Commissioner's final decision is **AFFIRMED**.

**I.     THE ALJ'S FIVE-STEP DISABILITY EVALUATION PROCESS.**

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  In *Doughty v. Apfel*, 245 F.3d 1274 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. at 1278 (citations omitted). The steps are followed in order. If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

## II.   STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well

as unfavorable to the decision.   *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).   The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"   *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.   ANALYSIS.

### A.   Weight Given to Medical Opinions.

At the center of this dispute is the ALJ's handling of the medical opinion evidence from Claimant's treating physicians and a consultative examining psychologist.   Doc. No. 23 at 11-15. Claimant argues the ALJ erred by failing to state with particularity the weight given to those medical opinions and the reasons therefor.   *Id.*

#### 1.   Dr. Grimes.

Dr. Jeremy R. Grimes is a neurologist, who treated Claimant eleven (11) times regarding his seizure disorder from January 12, 2012 through March 18, 2014.   R. 890-951.[1]   On March 18, 2014, after completing a physical examination, Dr. Grimes opined: "I would assert that it is my assessment that [Claimant] is unable to maintain any sort of consistent gainful employment. I base this more on the [Claimant's] psychiatric issues, but the seizures certainly don't help."   R. 903-04.   It is undisputed that the ALJ fails to discuss Dr. Grimes' opinion in the ALJ's decision. R. 10-18; Doc. No. 23 at 11-21.   Claimant argues that the ALJ's failure to state with particularity the weight given to Dr. Grimes' opinion and the reasons therefor constitutes reversible error.   Doc.

---

[1] In his decision, the ALJ determined that Claimant's seizure disorder is a severe impairment.   R. 12.

No. 23 at 11-15.  The Commissioner maintains there is no error because Dr. Grimes' opinion relates to an issue which is reserved for the ALJ.  Doc. No. 23 at 17-19.  For the reasons set forth below, the Court finds that the ALJ did not err with respect to Dr. Grimes' opinion.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's sequential evaluation process for determining disability.  In cases like this one, involving the ALJ's handling of such medical opinions, "substantial-evidence review . . . involves some intricacy."  *Gaskin v. Commissioner of Social Security*, 533 F. App'x. 929, 931 (11th Cir. Aug. 14, 2013) (unpublished).[2]  In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement constitutes an opinion, which requires the the ALJ to state with particularity the weight given to it and the reasons therefor.  *Id*. (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).  "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'"  *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).  *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error); *Short v. Comm'r of Soc. Sec*., 581 F. App'x 754, 756-57 (11th Cir. Sept. 3, 2014) (unpublished) ("[W]ithout a clear articulation of the reasons [why] the ALJ rejected [treating physician's opinion], it is impossible on review to determine whether the ultimate decision was

---

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.  *See* 11th Cir. R. 36-2.

rational and supported by substantial evidence."). Thus, an ALJ may not implicitly discount or ignore any medical opinion, but is required to state with particularity the weight given to it and the reasons therefor. *See Winschel*, 631 F.3d at 1179-79; *MacGregor*, 786 F.2d at 1053; *McClurkin v. Social Sec. Admin.*, 625 F. App'x 960, 962-63, 2015 WL 5166045 at *2 (11th Cir. Sept. 4, 2015) (unpublished) (reversible error for ALJ to fail to state weight given to non-examining physician's opinion).

The regulations also provide, however, that certain opinions, even opinions from treating sources, do not constitute medical opinions. *See* 20 C.F.R. § 404.1527(d) (medical source opinions on some issues "are not medical opinions"). Section 404.1527(d)(1) provides that a statement by a medical source that a claimant is "disabled" or "unable to work" does not constitute a medical opinion. 20 C.F.R. § 404.1527(d)(1) (providing that the examples in (d)(1) "are not medical opinions"). This makes sense because a brief statement from any source that a claimant is disabled or unable to work without further articulation about the nature and severity of the impairments, symptoms, diagnosis, prognosis; what the claimant can still do and/or the claimant's limitations is wholly conclusory and does little to inform the reviewer about the claimant's condition.

In this case, Dr. Grimes' opinion is wholly conclusory and fails to articulate any basis for his opinion that Claimant is unable to maintain consistent gainful employment. R. 904. Moreover, the treatment note accompanying the opinion shows largely benign findings. R. 904. Thus, the Court finds that Dr. Grimes opinion (R. 904) does not constitute a medical opinion under 20 C.F.R. § 404.1527(d)(1). Accordingly, the Claimant's argument that the ALJ erred regarding Dr. Grimes opinion is rejected.

2.   Dr. Latoya Bonney and Stewart-Marchman Physicians.

Claimant argues that the ALJ erred by failing to state with particularity the weight given to the opinions of Claimant's primary treating physician, Dr. Bonney, and various unidentified physicians at Stewart-Marchman-Act Behavioral Healthcare.   Doc. No. 23 at 14.   However, the Claimant fails to identify or cite any medical opinions from those physicians in the medical record.   Doc. No. 23 at 11-14.   The Court's review of the same also fails to reveal any medical opinions from Dr. Bonney or the physicians, psychologists, and psychiatrists at Stewart-Marchman.   R. 419-24, 474-99, 506-09, 511-22, 550-609, 636-95, 844-48, 730-91, 793-815, 881-88, 952-77. Thus, there were no medical opinions of record for the ALJ to weigh.   Accordingly, the Claimant's argument is rejected.

3.   Dr. Malcom J. Graham, III, Ph.D.

Claimant does not specifically address Dr. Graham's October 6, 2011 General Clinical Evaluation with Mental Status (R. 501-04), but Claimant does raise a general argument that the "ALJ did not indicate the weight he assigned to any medical provider [other than the non-examining physicians]."   Doc. No. 23 at 11-15.   Dr. Graham's evaluation revealed: no evidence of depression or an anxious mood; appropriate affect; rational quality of thinking; no problems with attention or concentration; Claimant was orientated; no problems with recent or remote memory; and no behaviors evidencing anxiety, depression, or thought disorder.   R. 502-04.   As to Claimant's functional abilities, Dr. Graham stated: "During his evaluation, there were no problems noted in his attention or concentration, and there were no problems noted in his recent or remote memory.   There were no behavioral indications of anxiety, depression or of thought disorder."   R. 504.   In fact, Dr. Graham did not identify any functional limitations.   *Id*.   In the decision, with respect to mental limitations, the ALJ determined that Claimant retains the residual

functional capacity (the "RFC") to: perform simple, routine, repetitive tasks; adequately relate to supervisors and coworkers, but he should be limited to only occasional contact with the general public; and he can deal with changes in the routine work setting.   R. 14.

Dr. Graham's evaluation is less restrictive than the ALJ's RFC.   *Compare* R. 502-04 *with* R. 14.   Furthermore, the ALJ discussed Dr. Graham's evaluation, but ultimately found that: "Given [Claimant's] extensive treatment for anger outbursts, mood swings, anxiety, etc., the [ALJ] has limited contact with the general public, co-workers, and supervisors, and has limited the claimant to simple, routine, repetitive tasks to account for his severe mental limitations."   R. 16. Thus, the ALJ expressly rejects Dr. Graham's evaluation because the medical record supports greater limitations.   As such, the ALJ did not err with respect to Dr. Graham's evaluation.   Even assuming, *arguendo*, that the ALJ did err by failing to state with particularity the weight given to Dr. Graham's evaluation, that error is harmless because it would not affect the outcome of the ALJ's decision.   *See Riddles v. Astrue*, 2010 WL 5071320, at *5 (N.D. Fla. Nov. 3, 2010) (an error that does not affect a party's rights is harmless); .*Sample v. Astrue*, Case No. 2:09-CV-89-FtM-26SPC, 2010 WL 1751947, at *1 (M.D. Fla. Apr. 29, 2010) (an error that does not affect the end result is harmless); *Fisher v. Bowen*, 869 F.2d 1055, 2068 (7th Cir. 1989) ("No principal of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is some reason to believe that the remand might lead to a different result."). Accordingly, the Claimant's argument is rejected with respect to Dr. Graham's evaluation.

### B.  Hypothetical Question to the VE.

Claimant argues that the ALJ erred by posing a hypothetical question to the VE, which did not contain all of Claimant's functional limitations.   Doc. No. 23 at 21-23.   Claimant's argument is expressly premised upon a finding that the ALJ erred by failing to state with particularity the

weight given and the reasons therefor to the opinions discussed above.   Doc. No. 23 at 21-23.   As set forth above, the ALJ committed no harmful error with respect to the medical opinions in this case.   *See supra* pp. 3-7.   Accordingly, the Claimant's argument is rejected.

### C. Credibility.

Claimant argues that the ALJ erred by failing to articulate explicit and adequate reasons for finding Claimant's subjective testimony not entirely credible.   Doc. No. 23 at 25-26. Claimant contends that the ALJ's decision merely provides a boilerplate statement and fails to make any findings supporting his credibility determination.   *Id.*   To the contrary, the ALJ's decision thoroughly explains the reasons for the ALJ's credibility determination.   R. 15-16.   For example, the ALJ states the following:

> After careful consideration of the evidence, the [ALJ] finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.   While the symptoms complained of are documented, it appears as though his medications helps to alleviate or reduce these when is compliant.

R. 15.   The ALJ then goes on to detail Claimant's work history and finds that the lack of steady employment "weigh[s] against the claimant when assessing his credibility."   R. 15.   The ALJ also notes that the Claimant's history of arrests, felony convictions, and extensive drug history diminishes his credibility.   R. 15.   Thus, the ALJ articulated explicit and adequate reasons for finding Claimant's subjective allegations not entirely credible.   R. 15.   The Claimant's argument ignores the reasons articulated by the ALJ for his credibility determination.   Doc. No. 23 at 25-26.   Accordingly, the Claimant's argument is rejected.

## IV.   <u>CONCLUSION.</u>

Based on the foregoing, it is **ORDERED** that:

1.      The Commissioner's final decision is **AFFIRMED**; and

2.      The Clerk to enter judgment in favor of the Commissioner and against the Claimant,

and to close the case.

**DONE and ORDERED** in Orlando, Florida on September 13, 2016.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

The Court Requests the Clerk
Mail or Deliver Copies to:

The Honorable Gregory J. Froehlich
Office of Disability Adjudication and Review
SSA ODAR Hearing Office
Desoto Bldge Suite 400
8880 Freedom Xing Trl
Jacksonville, FL 32256-1224